THE STATE, EX REL. WENDELL J. WRIGHT, v. LUTHER A. CAMPBELL.

1. *Pamph. L.* 1888, *p.* 461, § 1 (*Gen. Stat., p.* 423, § 87) provides that the solicitor of the boards of chosen freeholders in counties of the second class shall hold office for the term of two years. *Pamph. L.* 1905, *p.* 14, declares that in all towns, townships, boroughs and other municipalities all officers required to be elected therein at any municipal or charter election shall be voted for on the first Tuesday after the first Monday of November. Section 2 declares that the term of office of every such elective officer theretofore elected in any town, township, &c., and holding office at the passage of the act, shall be extended until the 1st of January next succeeding the date at which his term of office would otherwise expire. Section 3 declares that every officer theretofore appointed or chosen by the township committee, mayor or other governing body of any town, township, borough or other municipality, and holding office at the time of the passage of the act, shall continue in office until the 1st of January succeeding the day on which his term of office would otherwise expire, and section 4 provides that the terms of office of all officers thereafter elected in any town, township, &c., shall commence on the 1st day of January next succeeding his election, &c. *Held*, that even if this act were applicable to the office of solicitor of the board of chosen freeholders, it would not operate to cut short the term of office of a solicitor selected after the act was passed and before the 1st of the ensuing January.

2. The words "officers chosen by the governing body of any town, township, borough or other municipality" do not, however, apply to solicitors of boards of chosen freeholders.

On *quo warranto.*

Before Justice GARRETSON, sitting, by consent, for the Supreme Court. .

For the relator, *Wendell J. Wright.*

For the respondent, *Peter W. Stagg.*

The opinion of the court was delivered by

GARRETSON, J. This is a proceeding to determine the title to the office of attorney and counsel of the board of chosen freeholders of the county of Bergen.

The relator claims title by virtue of an election to that office by the board at its annual stated meeting held on the second Wednesday of May, 1905.

· The incumbent claims title by virtue of an election to that office by the board, at a meeting of twelve members, being a majority of the board, on the 1st day of January, 1906.

The case involves the construction of an act of the legislature entitled "An act relative to the time of election and appointment and terms of office of officers elected or appointed in towns, townships, boroughs and other municipalities in this state." *Pamph. L.* 1905, *p.* 14.

Bergen county, by the census of 1900, had a population of seventy-eight thousand four hundred and forty-one. It is a second-class county. *Pamph. L.* 1901, *p.* 250.

By an act entitled "An act to organize the board of chosen freeholders in each of the counties of this state having within its territorial limits a population of not less than seventy-five thousand inhabitants or more than two hundred thousand," passed May 9th, 1894 (*Gen. Stat., p.* 427, as amended by *Pamph. L.* 1896, *p.* 57), the board of Bergen county consists "of one chosen freeholder from each ward of each city, one chosen freeholder from each township and one chosen freeholder from each borough possessing complete autonomy of local government in such county, provided such borough has a population exceeding twelve hundred."

The chosen freeholders of the several townships, precincts and wards in the respective counties of this state, and their successors, are constituted a body politic and corporate in law, under "An act to incorporate the chosen freeholders in the respective counties of the state," approved April 16th, 1846.

Upon these corporations are imposed certain duties and certain powers are given them by this act, by supplements thereto and by divers other acts.

It is claimed that among the powers of the board is the election of attorney or counsel.

· This position is not one expressly created by statute,

although there are acts of the legislature which recognize the office.

It might be authorized by section 164 (*Gen. Stat., p.* 437), passed in 1886, as follows: "That each and every board of chosen freeholders of the respective counties of this state shall have power to appoint such officers, agents and employes as may be required to do the business of such county and fix their compensation and term of service; *. * * any appointment made as aforesaid, unless otherwise ordered by resolution of the board, shall be of full force and effect and the term thereof shall commence immediately upon such vote being taken."

By a supplement to the act of 1846, *supra* (*Gen. Stat.* 1888, *p.* 423, § 87), it is provided that the solicitor or attorney and clerk of the boards of chosen freeholders in the counties of the second class of this state, elected after the passage of this act, shall hold their office for the term of two years.

There is nothing in any act of the legislature fixing the time when the attorney is to be elected. He would therefore hold his office from the time he was elected.

In the original act of 1846, *supra* (*Gen. Stat., p.* 412, § 19), the county collector must be elected at the annual stated meeting of the board, which by section 6 of the same act is fixed for the second Wednesday in May.

The relator, having been elected in May, 1905, would be entitled to hold his office for two years from that time unless his term had been ended by the act of 1905, *supra,* relating to the time of election and appointment and terms of office of officers, &c. The first section of that act clearly applies to the election of chosen freeholders; they are officers required to be elected in towns, townships, boroughs and other municipalities at the municipal or charter election therein. The second section of the same act provides that "the term of office of such elective officer heretofore elected in any town, township, borough or other municipality, and holding office at the passage of this act, shall be and hereby is extended

from the time when his term would otherwise expire until twelve o'clock noon of the first day of January next succeeding the date at which his term of office would otherwise expire." The effect of this enactment was that the term of office of such chosen freeholders as held office when the act was passed (February 15th, 1905), and which would otherwise have expired in May of that year, was extended to January 1st, 1906. Those elected at the November election in 1905 took office on the 1st of January, 1906. The effect of this legislation was to make the annual stated meeting of the board of chosen freeholders of Bergen county at twelve o'clock, January· 1st, in each year, instead of eleven o'clock on the second Wednesday in May, annually, as directed by section 6 of the act of 1846, *supra.* *Gen. Stat., p.* 410.

In *Feurey, Clerk, &c.,* v. *Roe, late Clerk, &c.,* 6 *Vroom* 123, it was held that under an act to provide for a board of chosen freeholders of Hudson county (*Pamph. L.* 1871, *p.* 1526), provisions which made the term of office of the freeholders chosen under that act one, and until others should be chosen and qualified, and that the term of office commence on the Tuesday next after the first Monday in May then next, and in each and every year, were necessarily inconsistent with an organization, under the general act, on the second Wednesday in May, and that the annual meeting must be regarded as fixed by that act upon the Tuesday after the first Monday in May, and as changing the time in the general act.

The board of Bergen county was required, therefore, to meet on the 1st day of January, 1906, for organization and to elect such officers whose terms of office had expired as are required by law to be elected at the annual stated meetings. The county collector is such an officer. *Gen. Stat., p.* 412, § 19. It is contended that under section 3 of the Election act of 1905, *supra,* that the terms of all officers of the board holding office therein at the passage of the act (February 15th, 1905) were extended from the time when the terms would otherwise expire until noon of January 1st next succeeding the date at which their terms of office would otherwise expire.

This section does not seem to reach the case at bar, even if applicable to the officers of the board of chosen freeholders. When the act of February 15th, 1905, was passed, Ernest Koester was holding the office of counsel for the term ending May 10th, 1905, his term of office being by law for two years, and section 3 of the act would have extended his term to January 1st, 1906; but for some reason, possibly because the terms of the act were not known, Koester seems to have given up the office, probably upon the assumption that his term had expired, and the relator was elected; that election, under the act of 1888 before referred to, was for a term of two years from May 10th, 1905. It was not an election to fill a vacancy, for no such election is provided for by law, but by the act of 1886, *supra* (*Gen. Stat.*, p. 437), the term of office was to commence immediately. The act of 1905 makes no provision for the cutting short of such a term fixed by law.

If this act is applicable, the fourth section would make the relator's term of office commence with the 1st of January, 1906.

I am of the opinion, however, that the Election act of 1905 does not apply to the officers of the board of chosen freeholders elected by that board.

They are not expressly mentioned in the act.

It is urged that they are included in the designation of "officers chosen by the governing body of any town, township, borough or other municipality," within the words "other municipality."

This collocation of words is used in the first four sections of the act of 1905.

The words "other municipality," in the first and second sections, cannot be held to include the county itself or the corporation of the board of chosen freeholders created for the county. The first section applies only to municipalities which at municipal or charter elections by the voters elect certain officers, as, for example, chosen freeholders, officers of those municipalities. Neither counties nor boards of freeholders hold any such elections.

The words "other municipality," in the third and fourth sections, it seems to me, must mean like municipality to town, township, borough, &c., a municipality possessed in the same characteristics as towns, townships, boroughs—the leading characteristic in this legislation being the power of holding an election by the people for officers.　·

Had the legislature intended to include officers elected by the board of chosen freeholders, I think it would have specified them by some particular designation, and not have left them to be ascertained under the general term of "other municipality."

The relator is entitled to judgment of ouster.